Filed 11/29/23  In re A.C. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | C099072 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, | (Super. Ct. No. JD241110) |
| Plaintiff and Respondent, | |
| v. | |
| I.C., | |
| Defendant and Appellant. | |

The father of the minor A.C. appeals from the juvenile court's orders terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395; further undesignated statutory references are to this code.)  Father contends the initial inquiry under the Indian Child Welfare Act (ICWA) by the Sacramento County Department of Child, Family and Adult Services (Department) was insufficient because the Department failed to contact known relatives to inquire whether they knew of

1

possible Native American ancestry even though the parents denied such ancestry. (25 U.S.C. § 1901 et seq.; § 224.2.)  The Department agrees that further ICWA compliance is warranted because the inquiry was only of the parents and paternal grandmother.  We remand for further ICWA compliance.

In January 2021, the Department filed a petition alleging that the minor came within the provision of section 300, subdivision (b)(1), failure to protect.  The Department asked the mother and the paternal grandmother about possible Native American ancestry, and they denied that either parent had any such ancestry.  Both parents provided "Parental Notification of Indian Status" (ICWA-020) forms, stating they had no Native American ancestry.  At the detention hearing, both parents denied any Native American ancestry, and the juvenile court found that there was no reason to know or believe the minor was an Indian child.   At the contested selection and implementation hearing pursuant to section 366.26, the court terminated parental rights.

"The ICWA defines an ' "Indian child" ' as a child who 'is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).)  The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child.  (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056.)  "[F]rom the [Department's] initial contact with a minor and his [or her] family, [section 224.2] imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child.  (§ 224.2, subds. (a), (b).)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b).)

Here, the Department had contact information for multiple relatives but inquiry about Indian ancestry was made only of the parents and paternal grandmother.  We therefore remand to address compliance with the inquiry and notice provisions of the ICWA.  (See § 224.2, subd. (b); see also *In re Y.W.* (2021) 70 Cal.App.5th 542, 554; *In re A.C.* (2022) 75 Cal.App.5th 1009, 1016-1018.)

DISPOSITION

The orders terminating parental rights are conditionally affirmed for both parents subject to full compliance with the ICWA.  If, on remand, the juvenile court determines the minor is an Indian child, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing.  (25 U.S.C. § 1914; § 224, subd. (e).)


/s/
MESIWALA, J.


We concur:


/s/
MAURO, Acting P. J.


/s/
DUARTE, J.

3